## COMPTOGRAPH CO. v. MECHANICAL ACCOUNTANT CO.

(Circuit Court, D. Rhode Island. April 4, 1904.)

No. 2,644.

1. PATENTS—INFRINGEMENT—COMPUTING MACHINES.

A preliminary injunction against infringement of the Felt patent, No. 465,255, for improvements in recording computing machines, denied on the ground that the proofs left in doubt both the validity of claims and the question of infringement.

In Equity. Suit for infringement of letters patent No. 465,255, for a computing machine, granted to D. E. Felt December 15, 1891. On motion for preliminary injunction.

Munday, Evarts & Adcock and Henry Love Clark, for complainant.
Wilmarth H. Thurston and Warren R. Perce, for defendant.

BROWN, District Judge. This suit is for infringement of letters patent No. 465,255, to D. E. Felt, dated December 15, 1891, for improvements in recording computing machines. The subject-matter of claims 7 and 8 is "subtraction cut-offs." Claims 9, 10, 11, and 12 relate to means for returning all numeral wheels to zero.

In performing subtraction on an adding machine, the numeral wheels are given the same movements as in addition. Subtraction is performed by the addition of complementary numbers. Since the numeral wheels rotate as in addition, the carrying-mechanism, whereby a complete rotation of a wheel of lower order moves forward one step a wheel of higher order, will continue to operate, and to produce an error in the result. This error will occur at the left of the wheels operated. The patentee says:

"Another object of my invention is to prevent the carrying of tens from any column to the next higher whenever a subtraction is made, by means of adding a complementary number."

Referring to the machine of a prior patent to Felt, the patentee says:

"In my former machine, the 1 carried to the next higher numeral-wheel to the left of the highest numeral-wheel of the subtrahend was removed by adding a 9 to said numeral-wheel, and to all other numeral-wheels at the left of it. To save the carrying of the 1 above mentioned, and afterward adding the 9's as above described, I provide the following device."

The substance of the improvement was to provide for each carrying-mechanism an individual cut-off, so that the operator may at will prevent the occurrence of the carrying. It is necessary to put but one carrier out of operation. When the operator makes a subtraction, a lever at the left of the highest column or series of keys in which a key is struck is pushed backward. This raises a carrying-pawl, and thus prevents the carrying from the highest series. The defendant shows nothing in the prior art which will accomplish all that is accomplished by individual subtraction cut-offs.

It is quite clear that devices whereby all the carriers are simultaneously thrown out of operation are not full anticipations, since to throw out all the carriers would prevent the addition of complementary numbers. Felt, so far as appears, was the first to provide a comput-

ing machine with individual cut-offs for subtraction. He was not, however, the inventor of the general method of subtraction by addition, or of the use of complementary numbers or co-digits for subtraction.

As appears from the specification of the patent in suit, as well as in complainant's rebuttal affidavits, the error incident to doing subtraction on an adding machine was one that was well known, and whose cause, namely, the undesired operation of the carrier at the extreme left, was obvious. The error could be remedied by mentally disregarding it in reading the machine, or by adding a nine to that numeral wheel and all other numeral wheels at the left, or, as suggested by Grant, by turning one of the numeral wheels back one tooth by hand. Instead of allowing the error to occur, and then correcting it, Felt provided means to prevent its occurrence. Mechanically, the means are very simple; and, given the idea of doing this, it would involve nothing more than the most ordinary mechanical skill to accomplish it. A simple lever is provided for each carrying-mechanism, and a finger-piece to move the lever. That part of the carrying-mechanism which it is desirable should be operated is left in action, and that part which commits the error is stopped.

The important question in this case is whether Felt is entitled to a monopoly in means for controlling at will any one of the carrying-mechanisms for the purposes of subtraction. The remark from Colt's Patent Firearms Mfg. Co. v. Wesson (C. C. A.) 127 Fed. 333, is here applicable:

"The methods of locking and of holding in and out of operative position are innumerable, so that, unless extreme care is used in analyzing patents for inventions relating to that topic, the rule of equivalents, as applicable to alleged infringements, would block the path of invention to an extent which would be unreasonable."

There is a very extensive discussion of this question upon the defendant's brief, which leaves the impression that the question of the patentability of this broad feature is doubtful. The idea of correcting this error was a familiar one, but it had not been thought desirable to add to the old computing machine special mechanical parts for doing it. If given a broad construction, claim 7, perhaps, would be anticipated by the Shattuck patent, which contains means for throwing out of action all the carrying-mechanism simultaneously. Were this mechanism of Shattuck's applied at exactly the right time, it would prevent the occurrence of the undesired carrying; but it is obvious that it would involve a mental operation in order to time its application, and it is quite probable that there are certain operations which could not be foreseen in time by the operator. It certainly is not an anticipation of all that is in the individual cut-offs.

Coming to the question of infringement: Felt has provided a series of slides and levers actuated directly by the finger. These are new and additional parts, and are used only at the times when it is desired to subtract. In the defendant's machine, the carrying-pawl is thrown out of operation in every actuation of the keys, whether for subtraction, addition, or any other purpose. It is also said that the primary purpose in introducing the lever used by the defendant in subtraction was

not to permit the performance of subtraction, but to take up an extra throw or excess of motion, so as to prevent the ratchet, 115, from catching on the pawl, 135, and that it was afterwards discovered accidentally that this mechanism was capable of use for subtraction purposes by means of a half-stroke of one of the keys of the same series. If this is the fact, it is very doubtful if there is infringement. It is one thing to provide a separate part, or a series of stops, for the distinct purpose of correcting an error. It is another to utilize a part, having a distinct function, to perform the additional operation of correcting the carrying error. The performance of the same function is not alone a safe test of the equivalency of mechanism. The language of Kokomo Machine Co. v. Kitselman, 189 U. S. 8, 23 Sup. Ct. 521, 47 L. Ed. 689, possibly is applicable: "The machines lack that identity of means and identity of operation which must be combined with identity of result to constitute infringement."

It seems hardly reasonable to hold that all computing machines, however different in mechanical operation, however different in carrying-mechanism, shall be tributary to Felt, so far as concerns correcting mechanically this well-known error, and that no one after Felt shall be permitted to prevent the occurrence of this error by stopping the carrier which causes it.

The defendant's lever is actuated for the purposes of subtraction by a half-movement of one of the keys. It is the contention of the complainant that the actuation through a roundabout connection with the digit keys is a mere evasion. In support of this, it is pointed out that in the Turck patent there are subtraction cut-offs actuated directly by the finger, as in the Felt patent. Although the Turck patent does show such a construction, it is nevertheless true that a separate finger device is absent from the infringing machine, and that one of the previous members, namely, a key, is used to actuate the defendant's lever, which serves as a subtraction cut-off. A carrying-mechanism which is freed at every stroke of the key is appreciably different from a carrying-mechanism which is freed only by a separate device. Whether substantially different, I am now unable to determine.

As the record stands before me upon this petition, there is a serious question raised by the contention of the complainant that Turck's device is a merely colorable evasion. It is not clear upon the present record, and is hardly a proper question to be determined upon this petition.

Claims 9, 10, 11, and 12 relate to means for returning all numeral wheels to zero. By a single motion of the hand, the operator is enabled to release all the wheels from the carrying-stop detents, and also to rotate all of the numeral wheels to zero. Complainant emphasizes this one-motion feature. The defendant contends that the connection of two shafts, one of which operates to unlock the detents, and the other of which rotates the wheel, so that they will operate simultaneously, was not a patentable invention. It cites Office Specialty Mfg. Co. v. Globe Co. (C. C.) 65 Fed. 599. A long list of patents is also cited to show anticipation, and it is further contended that there is no infringement of the claims. These questions are all too doubtful to warrant a preliminary injunction.

Without going further into the merits, it may be said that the defendant has shown the present controversy to be such as the courts have usually refused to dispose of on a petition for a preliminary injunction. It may be said, also, in regard to this case, that the defendant's machine is of quite a different type from that of the complainant, so that it can hardly be said to be in competition in the same commercial field.

Petition denied.